UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**LUCIEN KESNEL,**

    **Plaintiff,**

vs.                                              Case No.: 9:14-cv-81013-JIC

**BANK OF AMERICA, N.A., et al.,**

    **Defendants.**
_____/

**DEFENDANTS' REPLY IN SUPPORT OF JOINT MOTION TO
STAY PENDING SUBSTITUTION OF REAL PARTY IN INTEREST**

Defendants, Bank of America, N.A., Select Portfolio Servicing, Inc., and McGlinchey Stafford, PLLC, by and through undersigned counsel, hereby file this Reply in Support of Joint Motion to Stay Proceedings Pending Substitution of Real Party in Interest and in support thereof state as follows:

Plaintiff does not dispute that he has a pending Chapter 7 case or that the claims in this action have not been abandoned by the Trustee. Accordingly, there is no question that Plaintiff lacks standing and is not the real party in interest. *See Parker v. Wendy's Int'l., Inc.*, 365 F.3d 1268, 1272 (11th Cir. 2004) (citing 11 U.S.C. § 323; *Barger v. City of Cartersville, Ga.*, 348 F.3d 1289, 1292 (11th Cir. 2003)).

Plaintiff asserts that he has not filed the required schedules (in apparent violation of the bankruptcy court's September 4, 2014 order). (See Dkt. 17-1). But that is immaterial. The claims in this action became property of the bankruptcy estate when Plaintiff filed his Chapter 7 petition. 11 U.S.C. § 541(a)(1); *Barger*, 348 F.3d at 1292. Regardless of whether he ultimately lists or omits the claims from his schedules, Plaintiff has no right to prosecute this action. *See, e.g., Barger*, 348 F.3d at 1294-97 (judicial estoppel barred plaintiff from prosecuting claim for

damages that was not listed on bankruptcy schedules); *Taylor v. Novartis Pharm. Corp.*, 506 B.R. 157, 161-63 (S.D. Fla. 2013) (Cohn, J.) (plaintiff who failed to schedule claim in Chapter 7 case was barred by judicial estoppel and lacked standing to prosecute action). And while Plaintiff contends that "it is not yet known what is part of the bankruptcy estate and which part of the estate will be claimed as exempt," he does not argue (or cite any authority to suggest) that the claims *in this action* could somehow be claimed as exempt.

Citing *Barger v. City of Cartersville, Georgia*, Plaintiff suggests that there is no need for a stay because neither the Plaintiff nor the Trustee has filed a motion to substitute or join, and because the Trustee "can just step in the place of the Plaintiff moving forward." But nothing in *Barger* authorizes an action to proceed where *the only* person who has standing and is the real party in interest has not yet decided to become a party to the case. And Defendants' joint motion expressly requests a stay until the Trustee is substituted or abandons the claims. As Judge Lenard observed, "the issue of standing is not a 'technicality.'" *Alvarez v. Royal Atlantic Developers, Inc.*, 854 F. Supp. 2d 1219, 1226 (S.D. Fla. 2011). "The rationale behind divesting a debtor of standing in favor of the bankruptcy estate is sound; the interests of a bankruptcy trustee are very different from those of a debtor alone." *Id.* And those interests of the Trustee are not being protected in this action. Indeed, in order to protect the Trustee's interests postpetition, the automatic stay imposed upon the commencement of a bankruptcy case operates as a stay, applicable to all persons and entities, of "any act . . . to exercise control over property of the estate." *See* 11 U.S.C. § 362(a)(3).

This action could be dismissed for lack of standing and failure to prosecute in the name of the real party in interest. However, because the claims could later be abandoned, and because Rule 17(a)(3) requires that the real party in interest be afforded a reasonable opportunity to join,

these concerns are more appropriately addressed by staying this action to allow the Trustee to decide how to proceed. Until that decision is made, Defendants should not be required to engage in litigation against a party who has no standing and no interest in the action. The motion to stay should be granted.

Dated: September 30, 2014

Respectfully submitted,

/s/ Marc T. Parrino
MARC T. PARRINO
Florida Bar No. 0018197
E-mail: mtp@lgplaw.com
SAHILY SERRADET
Florida Bar No. 0077620
E-mail: ss@lgplaw.com
LIEBLER, GONZALEZ &PORTUONDO
Courthouse Tower - 25th Floor
44 West Flagler Street
Miami, FL 33130
Telephone: (305) 379-0400
Fax: (305) 379-9626

*Attorneys for Bank of America, N.A.*

/s/ R. Carter Burgess
R. Carter Burgess, Esq.
Florida Bar # 58298
McGLINCHEY STAFFORD
10407 Centurion Parkway N., Suite 200
Jacksonville, FL 32256
(904) 224-4499 (telephone)
(904) 212-1828 (facsimile)
cburgess@mcglinchey.com
mmoreau@mcglinchey.com
*Attorneys for Select Portfolio Servicing, Inc.*

/s/ Bryan D. Hull
Bryan D. Hull, Esq.
Florida Bar No.: 20969
BUSH ROSS, P.A.
P.O. Box 3913
1801 N. Highland Avenue
Tampa, FL  33602-3913
(813) 224-9255 – Phone
(813) 223-9620 – Facsimile
bhull@bushross.com
*Attorneys for McGlinchey Stafford, PLLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 30rd day of September 2014, I filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record who have appeared in this matter.  A courtesy copy was also provided to: Michael R. Bakst, Esq., Counsel for Deborah C. Menotte, Trustee, 250 S Australian Ave # 700, West Palm Beach, FL 33401, michael.bakst@gmlaw.com.

/s/ Bryan D. Hull